```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LYDELL SWINSON                  :         CIVIL ACTION
                                :
        v.                      :
                                :
BLAKELY, et al.                 :         NO. 14-1871

MEMORANDUM

Bartle, J.                                          July 15, 2015

Plaintiff Lydell Swinson ("Swinson"), a state prisoner, brings this pro se action under 42 U.S.C. § 1983 against several defendants who at relevant times worked at the State Correctional Institution at Graterford ("SCI Graterford" or "Graterford"). The defendants are corrections officers Lizette Blakely ("Blakely"), Captain Alfred Flaim ("Flaim"), Lieutenant John Lozar ("Lozar") as well as unidentified "voting members for transfer approvals" and unknown members of the "mail and inmate account offices."[1] Swinson is presently serving a life sentence for murder and other offenses at the State Correctional Institution at Mahanoy. He alleges that defendants retaliated against him by placing him in solitary confinement and transferring him away from SCI Graterford after he filed a grievance against Blakely for what he considered were repeated, unwarranted searches of his person.

---

[1] An additional defendant, Graterford Superintendent Mike Wenerowicz, was dismissed in an order dated November 13, 2014. (Doc. # 27). In the same order the court dismissed Swinson's claim for negligent supervision brought against Lozar. Id.

Now before the court is the motion of defendants Blakely, Lozar, and Flaim for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rule 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the plaintiffs.  Id. at 252.  When ruling on a motion for summary judgment, we may only rely on admissible evidence.  See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).  We view the

facts and draw all inferences in favor of the nonmoving party. <u>In re Flat Glass Antitrust Litig.</u>, 385 F.3d 350, 357 (3d Cir. 2004).

The following facts are undisputed. On November 3, 2013, Swinson filed a grievance in which he complained that Blakely was stopping and searching him every time they came into contact. While he acknowledged in the grievance form that "policy makes inmate[s] subject at any time to be stopped," he referenced a past history of conflict with Blakely including a civil lawsuit which he had filed against her and then voluntarily withdrawn. Swinson suggested that if Blakely's conduct was allowed to continue unabated, he would be forced to have his family reinitiate litigation. He also noted his "long mental health history" and speculated that "[Blakely's] conduct can cause relapses due to my mental health conditions." He concluded that he was "no problematic inmate and I come to [sic] far and there's no need for her being up against me."

On November 12, 2013, Blakely requested a "staff separation" from Swinson. A corrections officer may ask to be separated from an inmate when, among other circumstances, serious threats of bodily harm exist which staff has reason to believe will be carried out. Blakely urged that, given Swinson's violent criminal history, his admitted issues with mental health, and a pattern of "relentless accusations and threats," she was not safe in his presence.

On November 17, 2013 defendant Lozar denied Swinson's grievance. Lozar explained that he was unable to find any information that substantiated his claims of repeated searches. Three days later, Swinson was removed from the general prison population and placed in the Restricted Housing Unit ("RHU"), that is, solitary confinement. He was told that he was a threat to another person at SCI Graterford. In a later interview with defendant Flaim, Swinson stated that he was disoriented when he filed the grievance and meant Blakely no harm. While Flaim considered releasing Swinson from the RHU after this interview, he declined to do so once he had held further discussions with Blakely and had conducted a more detailed investigation into Swinson's history and psychiatric record. He recommended a staff separation for Blakely and that Swinson be transferred from Graterford. The recommendation was approved and Swinson was transferred to another prison on February 18, 2014.

When a prisoner alleges retaliation against constitutionally-protected conduct, he or she bears a threshold burden of showing:

> (1) [C]onstitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.

Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quotation marks omitted) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Should the prisoner succeed in doing so, the burden then shifts to the defendant to prove by a preponderance of the evidence that it would have taken the same action in the absence of constitutional conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). An encroachment on constitutional rights is permissible in the prison context if it is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); Rauser, 241 F.3d at 334. The court "should afford deference to decisions made by prison officials, who possess the necessary expertise." Rauser, 241 F.3d at 334.

Here defendants concede for present purposes that Swinson engaged in constitutionally-protected conduct and that he suffered an adverse action in being placed in the RHU. They argue, however, that his removal from the general prison population and eventual transfer would have happened regardless of his grievances. According to them, a prisoner may be placed in solitary confinement or transferred in order to protect other inmates and staff from threats of physical violence. Swinson responds that he intended no threat against Blakely and that he was otherwise a model prisoner.[2]

---

2  Swinson's response in opposition (Doc. # 118) to defendants' motion for summary judgment was filed July 13, 2015, nearly a
(continued...)

We agree with defendants.  It is the first duty of prison officials to ensure the physical safety of all individuals under their control.  Regardless of whether Swinson exercised a constitutional right in filing grievances, defendants had an obligation to take seriously his intimations of a mental health relapse and the mounting antagonism between him and Blakely, particularly in light of Swinson's demonstrated capacity for violence.  These concerns fall squarely within the ambit of legitimate penological interests and present circumstances in which judicial deference is particularly appropriate.  Turner, 482 U.S. at 89; Rauser, 241 F.3d at 334.  Swinson's unsupported post hoc protestations that he meant no threat are insufficient to create a genuine dispute of material fact.  Defendants are thus not liable for any impingement on Swinson's right to free speech.

We further note that, to the extent Swinson's claim is based on the denial of his grievance itself, it is without merit. While Lozar denied Swinson's grievance, this is insufficient on its own to establish that he had personal involvement in any unconstitutional retaliation.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Robinson v. Sobina, Civil Action No. 09-247, 2011 WL 6056894, at *3-*4 (W.D. Pa. Dec. 6, 2011).  Moreover,

---

(continued...)
month after defendants filed their motion.  We will reach the merits despite the untimeliness of Swinson's opposition.

even if defendants had acted in an unconstitutional manner against Swinson, they would be entitled to qualified immunity. Reasonable public officials in defendants' shoes would not have known that their actions taken in the name of prison safety ran afoul of clearly established constitutional rights. Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996); see also Boone v. Comm'r of Prisons, Civil Action No. 93-5074, 1994 WL 383590, at *12 (E.D. Pa. July 21, 1994).

Finally, Swinson has also filed a motion seeking more time to conduct discovery.[3] He explains that he needs information related to grievances filed by other inmates against defendants and the names of other inmates that Blakely had referred to security. None of this is relevant to Swinson's claim, and we would not be able to consider it in deciding defendants' motion for summary judgment. Fed. R. Evid. 401, 402; see Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999). Swinson's request for additional time is therefore without merit.

Accordingly, the motion of Swinson for more time in which to conduct discovery will be denied. The motion of

---

[3] Swinson brings his motion under Rule 56(f) of the Federal Rules of Civil Procedure, which deals with the ability of the court to grant summary judgment sua sponte. We interpret his motion as one under Rule 56(d) to defer consideration of summary judgment because he cannot present facts essential to justify his opposition.

defendants for summary judgment in their favor and against Swinson will be granted.